**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>         v.<br><br>NELSON RIVERA-GARCIA (2)<br>*also known as* NELSON CONEJO,<br><br>    Defendant. | CR. NO. 02-391 (PG) |

**O R D E R**

This matter is again before the Court on defendant's "Motion Notifying Alibi Defense." (Docket No. 396, filed May 9, 2005) Also before the Court is defense counsel's motion for reconsideration of the denial of an alibi investigation. (Docket No. 394) The Court denied the request on account of counsel's failure to comply with the government's explicit Rule 12.1 disclosure request (Docket No. 55 at 1, filed November 14, 2002)(see attachment), observing that defense counsel inexplicably tarried for years before filing the request on the eve of trial, unduly prejudicing the government. (Docket No. 386)

Reconsideration is now requested mid-trial on the ground that "information of a possible defense of alibi was not brought to the attention of counsel until April of this year and it was not until April 18, 2005 that a name was identified...." (Docket No. 394 at 1) As per this Court's previous Order (Docket No. 386), counsel's explanation warrants no reconsideration, and alibi testimony shall be excluded.

Fed.R.Crim.P. 12.1 (a)(2) requires that "within 10 days after the [government's] request ... the defendant must serve written notice on an attorney for the government of any intended alibi defense." The notice must specify the name, address and telephone number of each witness. 12.1(a)(2)(B). In response, the government is to disclose in writing its rebuttal witnesses within 10 days after service of the notice. 12.1(b)(1). Upon any failure to comply, the Court may exclude the testimony of any undisclosed witness. 12.1(e). However, the Court may grant an exception upon a showing of good cause. 12.1(d).

   Here, the government served a request for disclosure of any alibi defense on November 14, 2002, and counsel did not file its notice until May 9, 2005, well into the first week of trial.  The notice is therefore irredeemably tardy, and exclusion of the alibi witness' testimony is warranted.  The propriety of such exclusion is further underscored by the fact that trial began on May 2, 2005 and defense counsel's notice fails to provide contact information for the witness.  Counsel instead indicates that she has no address where he can be located, thereby failing to comply with notice requirements of Rule 12.1(a)(2)(B).

   The Court also observes that counsel's related reconsideration request fails to evince good cause for the delay.  Counsel states that information of the defense was not brought to her attention until April of 2005. (Docket No. 394 at 1)  The implication that there is good cause for the delay because the witness was "not brought to her attention earlier" is absurd.  Counsel made an appearance in this case on October 7, 2003. (Docket No. 210)  Counsel had ample opportunity to comply with the extant disclosure request, and she also had an ethical duty to actively investigate and prepare her client's defense.

   While counsel's nigh inexplicable tardiness is not necessarily indicative of willfulness, the mere fact of the overlate disclosure alone is reason enough for exclusion of the testimony under Rule 12.1(e).  See U.S. v. Pearson, 159 F.3d 480, 484 (10th Cir. 1998) (defense counsel's diligence in disclosing alibi defense as soon as he became aware of it did not excuse defendant's negligence in failing to inform counsel of alibi, and alibi evidence was thus properly excluded).

   The prejudice wrought by counsel's tardy notice and request for an investigation is simply too great.  Although exclusion of a defendant's alibi witness implicates his constitutional right to present a defense, "the defendant's right to offer the testimony of witnesses in his favor" must be balanced with and against the following "countervailing public interests": the integrity of the adversary process, which depends both on the presentation of reliable evidence and the rejection of unreliable evidence, the interest in the fair and efficient administration of justice, and the potential prejudice to the truth-seeking function of the trial process.  See Taylor v. Illinois, 484 U.S. 400, 414-15 (1988).

Cr. No. 02-391 (PG)                                                    Page 3

That balance is decidedly against defendant's presentation of alibi testimony. Counsel has provided no way to verify the reliability of that testimony, thereby discounting its probative value, and its potential to prejudice the truth-determining function of the trial process is enormous. Counsel's untimely and inadequate mid-trial disclosure hinders the adversarial process by effectively limiting the government's ability to prepare its rebuttal. Such undue delay is intolerable and it unfairly prejudices the government. Although several Circuits have held that willfulness is the sole predicate of an exclusionary sanction, the First Circuit has "declined to cast a mechanical standard." See U.S. v. Portela, 167 F.3d 687, 705 n.16 (1st Cir. 1999)(collecting cases)(citation omitted). This Court finds that counsel's belated midtrial disclosure alone suffices to justify exclusion of the alibi testimony under Rule 12.1(e) and Taylor.

In light of the foregoing, the motion for reconsideration (Docket No. 394), is **DENIED**. The motion notifying defendant's alibi defense (Docket No. 396), is similarly **DENIED,** and defendant is hereby precluded from presenting the alibi witness. Pursuant to Fed.R.Crim.P. 12.1(e), however, this holding in no way limits defendant's right to testify on his own behalf.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, May 10, 2005.


                                         S/ JUAN M. PÉREZ-GIMÉNEZ
                                         JUAN M. PÉREZ-GIMÉNEZ
                                         UNITED STATES DISTRICT JUDGE